BUSBY v. BUSBY *ET AL.*

(140 S. E., 801)

1. Wills—Wife, Given Life Estate in Residue, Took Fee as Heir to Portions of Residue as to Which Remainder Was Undisposed of, Including After-Acquired Property, Lapsed Legacies, and Remainders (Civ. Code 1922, § 5331).—Where will gave residue of

testator's property to his wife "during her life to be used as her own but subject to the following conditions," without making disposition of remainder as to certain of such residue, *held* that, under Civ. Code 1922, § 5331, widow took fee-simple title to undivided one-half interest as heir at law and distributee in residue not specifically devised or effectually disposed of under the will, including after-acquired property, lapsed legacies, and remainders, and remaining half of such property was distributable at widow's death among testator's heirs, determined at his death, under Statute of Distribution.

2. WILLS—BEQUEST OF UNPAID NOTES AND ACCOUNTS TO MAKERS AND DEBTORS FOR SUPPORT OF TESTATOR'S MOTHER LAPSED ON MOTHER'S DEATH BEFORE TESTATOR.—Bequest of notes and accounts due testator from his sister and her husband, unpaid at testator's death to makers and debtors, toward support of testator's mother, lapsed on death of mother before testator, and passed under residuary clause of will.

3. WILLS—BEQUEST TO LEGATEE PREDECEASEASING TESTATOR LAPSED.— Bequest to legatee predeceasing testator lapsed, and passed under residuary clause of will.

4. DESCENT AND DISTRIBUTION—DECEDENT'S HEIRS ARE DETERMINED AS OF DATE OF HIS DEATH.—No living man can have heirs, but he may have heirs as soon as he dies, and who such heirs are will be determined at date of his death.

5. DESCENT AND DISTRIBUTION—SURVIVING WIFE IS ENTITLED TO ONE-HALF OF DECEDENT'S PROPERTY UNDISPOSED OF BY WILL OR OTHERWISE.—Decedent's surviving wife is entitled to one-half of whatever property decedent was seized and possessed of, and which he had not disposed of by will or otherwise.

Before RICE, J., Aiken, May, 1926.   Affirmed.

Suit by M. E. Busby, as executrix of the will of D. B. Busby, deceased, against M. E. Busby, individually and in her own right, and others, for construction of decedent's will.   From a decree confirming report of a master to whom the cause was referred to take testimony and pass on the issues, defendants Joel W. Riser and others appeal.

The decree of Judge Rice and the exceptions thereto, referred to in the opinion, are as follows:

## DECREE

D. B. Busby, a resident of Aiken County, died on or about the 28th of January, 1925, leaving of force his last

will and testament, which was duly admitted to probate, and the present litigation is over the proper construction of some of the items of said will. At his death testator left surviving him no children, but his wife, the plaintiff. He was possessed of considerable property, both real and personal, at the time of his death. All the issues involved were referred to Edward S. Croft, Esq., and from the report filed by him on January 23, 1926, exceptions were taken, and on May 22, 1926, argument on said exceptions was had before me.

The exceptions raise only two questions. The first is as to whether or not a gift of $50 to Newberry College was not adeamed by a gift of $500, made by the testator prior to his death, and after the making of the will. At the hearing, however, little stress was laid on this exception, and counsel stated, on account of the smallness of the amount involved, that they cared little about it, so that I will leave it as the master decided.

It was admitted that, as to certain of the property of the testator, his wife had a life estate therein, but that the remaining was not disposed of. The master held that, as to his property, the plaintiff, the wife of the testator, took a fee in one-half of the remainder as an heir at law of her husband. The second exception questions the correctness of his findings. I agree with the master. Unquestionably the undisposed-of remainder is property and a part of his estate. Not having been disposed of by the testator, it descended to those whom the law designated as his heirs at law, if he has any, and there can be no question as to the fact that the wife surviving the husband is one of such heirs.

No living man can have heirs, but as soon as he dies he then may have heirs, and who such heirs are will be determined at the date of his death. M. E. Busby survived her husband, D. B. Busby, and was therefore entitled to one-half of whatever estate or property he was seized and possessed

of, which he had not disposed of by will or otherwise. The report of the master is so full and clear that I do not deem it necessary to cite any authorities, in addition to what he has cited.

It is therefore ordered and adjudged that the said report of the master be and hereby is confirmed and made the order and judgment of this Court.

## EXCEPTIONS.

The appellants except to the said decree and allege error as follows:

In that his Honor found as follows: "I agree with the Master. Unquestionably the undisposed-of remainder is property and a part of his estate. Not having been disposed of by the testator, it descended to those whom the law designates as his heirs at law, if he has any, and there can be no question as to the fact that the wife surviving the husband is one of such heirs."

And again in holding that M. E. Busby was entitled to one-half of whatever estate or property the testator was seized and possessed, of which he had not disposed of by will or otherwise, and further in holding that the said report of the Master be confirmed and made the order and judgment of this Court.

The error being that his Honor should have held that Mrs. M. E. Busby was entitled only to a life estate in the residue of the property not disposed of by will.

*Messrs. Weston & Aycock,* for appellants, cite: *Intention of testator as indicated in will controls:* 113 S. C., 419; Speers Eq., 48, 82; 1 McCord Ch., 70. *Presumption in favor of heir must yield to the express words of the testator:* 126 N. E.; 40 Cyc., 1411. *An apparent oversight of testator cannot be remedied if the terms of the will are unambiguous:* 38 Ala., 537; 26 Ind., 511; 17 N. J. Eq., 250. *No estate by implication here:* 2 Alexander on Wills, Sec. 965, pp. 1403-4; 1 McCord Ch., 77-79, 81; 15 L. R. A. (N.

S.), 73, 76; 104 S. C., 337; 102 S. C.,11; 28 R. C. L., 209; 11 Minn., Inst., 1081; Jarman on Wills, Rule 12; 109 S. C., 422; 124 S. C., 451; 102 S. C., 11-13; 15; 104 S. C., 444; 2 Alexander on Wills, Sec. 966, pp. 104-5; 1 Schouler on Wills, Sec. 467, 490. *Mrs. Busby gets life estate only:* 24 N. J. Eq., 512; 1 Strob. Eq., 99; 18 N. E., 573; 125 Mass., 509; 51 Conn., 438; 113 S. C., 217; Id., 532. *Cases distinguished:* 1 Strob. Eq., 114; 10 Rich. Eq., 495; 102 S. C., 361; 122 S. C., 451; 31 S. C., 408; 1 Strob. Eq., 43. *Doctrine that a gift to the wife for life, remainder undisposed of, gives her an additional interest in fee in the remainder, disturbed by:* 113 S. C., 217; 113 S. C., 532. *Intention controls:* 4 Rich., 25; 11 Rich. Eq., 264; 107 S. C., 101.

*Messrs. Douglas McKay, Faucette & Johnson, and John J. Murray,* for respondent, cite: *Where life estate or estate for years created and no disposition made of remainder, property descends to heirs and distributees as in case of intestacy:* 40 Cyc., 1955; 4 McCord, 427; 109 S. C., 416. *In absence of words indicating a contrary intention, the death of testator, and not that of life tenant, is period to which must look for purpose of determining who are to take:* 107 S. C., 101; 10 S. C., 376; 72 S. C., 179; 102 S. C., 361; 104 S. C., 425; 116 S. C., 125; 122 S. C., 451; 1 Strob. Eq., 114; 137 S. E., 921; 13 A. L. R., 608. *Though a will showed an intention to exclude devisees from a participation in other property than that devised, it will not prevent them from receiving as heirs any property not disposed of by will:* 81 S. C., 282; 128 A. S. R., 912; 4 DeS., 274; 10 Rich. Eq., 495; 142 N. E., 356. *After acquired property passes by will:* Sec. 5331, Code. *In absence of statute presumption is that testator means to confine devisee to land to which he had title at time of execution of will:* 3 L. Ed., 490.

December 24, 1927.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action arose in Aiken County and comes before this Court on appeal from a decree of his Honor, Judge Hayne F. Rice, confirming the report of the Master, Hon. Edward S. Croft, to whom the cause was referred to take the testimony and pass upon all issues. In view of the full agreed statement of facts contained in the transcript of record in the case, which is clear and satisfactory, the Court adopts the same as the statement of the Court:

"This action was commenced by the service of a summons and complaint on the .... day of April, 1925, and was brought for the purpose of construing the will of D. B. Busby. The complaint alleged that D. B. Busby, lately a citizen and resident of the town of Monetta, in the county of Aiken, State aforesaid, died on the 27th day of January, 1925, without issue, leaving of force and effect his last will and testament, dated September 10, 1924, wherein plaintiff, to wit, M. E. Busby, respondent herein, was named as executrix. A copy of the will was attached to the complaint. It was further alleged in common form and that Mrs. Busby had duly qualified as executrix. It was also alleged that, subsequently to the date of the said will, testator had acquired certain personal property and numerous parcels of real estate, and 'that plaintiff is advised by her attorneys that said last will and testament of the said D. B. Busby failed to dispose of the estate in remainder in fee in said after-acquired property, and that as to the same said D. B. Busby died intestate.'

"Because of numerous uncertainties and ambiguities in the said will, it was alleged that it was necessary 'to have the same judicially construed,' in order that the executrix might intelligently execute her trust, perform her duties thereunder, and be protected therein, and that the interests

of the defendants might be properly determined and safe-guarded.

"The complaint then proceeded to set out numerous ir-regularities, uncertainties, and ambiguities as to which the opinion of the Court was desired. It also set forth the names of all of the heirs of the testator, and also the names of all other persons who might be interested in the said estate. From said complaint, and the copy of the will thereto at-tached, it also appeared that numerous interlineations and annotations had been made on said will, all of them being, as was the will itself, in the handwriting of the testator; but said interlineations and annotations had not been at-tested, but many of them were dated after the date of the will.

"The summons and complaint were properly served, and all parties appeared and answered. The parties herein ap-pearing as appellants answered, together with J. B. Johns and Kate Johns Moore; the two last-named persons, how-ever, not being appellants.

"The answers joined in the prayer of the complaint that the Court construe the will, and the issues were duly referred by an order to Edward S. Croft, Master for Aiken County, who held references, at which testimony was taken. It ap-peared from the testimony that the interlineations and annotations above referred to, and appearing on the face of the will, had all been made after the execution of the will. Testimony was also taken to remove the ambiguities and identify certain parcels of real estate, and for other purposes not material here. The Master made his report, dated January 22, 1926, in which he held, among other things, that the interlineations and notations referred to had been made since the execution of the will. To this finding no exception was taken by any party, so that the will in question, after the removal of the annotations and inter-lineations, reads as follows:

" ' I, D. B. Busby, of sound mind, do hereby make and declare this to be my last will and testament:

" '1. All debts and expenses shall if possible be paid as promptly as possible out of the income from rents and other sources so as to avoid the sale of any of the property. If not possible, then the executor is hereby authorized to sell so much of any of the property, not bequeathed, and only so much as may be necessary to discharge said indebtedness and expense, using personal property first, then if necessary, real estate.

" '2. One-half of the lot 9.65 acres of land diagonally in front of Jeter Mitchell's at Leesville, I hereby bequeath at my death to the Evangelical Lutheran Synod of S. C., the dividing line to run perpendicularly to the R. R., and my executor to choose which part shall be the Synod's.

" '3. I hereby bequeath $50.00 at my death to Newberry College to be paid as for expenses.

" '4. The rest of my property of every description I leave to my wife, M. E. Busby, during her life to be used as her own, but subject to the following conditions:

" '(a) No real estate shall be sold except as provided for above in the expense article and also unless the executor is sure that said sale will be advantageous to my estate and unless the proceeds are reinvested at once in other real estate, in the name of my estate.

" '(b) Out of the income from rents and other sources, my executor shall pay (one) $100.00 a year for the support of my mother, after the expiration of the time for which provision has been made for her by me in contract with my sister Mrs. Crocker.

" '(c) Such notes and accounts as are now due me by my sister, Mrs. Crocker, and her husband if unpaid at my death, I bequeath to them towards the support of Mother, E. B.

" '(d) Included in expenses shall be the necessary burial expenses, tombstones for myself and my parents and wife.

" '(e) My house and lot and the Rutland and Holston tract at Monetta I bequeath to my wife at my death.

" '(f) Five acres of the 8-acre tract at the oil mill at Leesville, I also bequeath to my wife at my death.

" '(g) The other three acres I hereby bequeath to my niece, Kate Johns, and her heirs after the death of my wife, M. E. Busby, the division line to be decided to the best advantage for each by my executors.

" '(h) The Norway tract I bequeath to my niece, Alice G. Slater, at the death of my wife, without condition.

" '(j) The other half of the Jeter Mitchell tract at Leesville, I bequeath to my niece, Eva Jeter, and her heirs after the death of my wife.

" '(k) Should my executor sell any of the tracts bequeathed as per section (a) then the property acquired with the proceeds shall be in lieu of the tracts bequeathed in Sections (g), (h), (j).

" '(5) I hereby appoint my wife, M. E. Busby, executor of this will without bond.'

"(Duly signed and witnessed.)

"The estate was appraised at more than $16,000.00.

"The only question now before the Court relates to the construction of the first paragraph of Section 4 of the will which reads as follows, to wit:

" 'The rest of my property of every description I leave to my wife, M. E. Busby, during her life to be used as her own, but subject to the following conditions.'

"The portions of the Master's report having relation to said paragraph are as follows:

" '(c) I further find that M. E. Busby took fee-simple title to an undivided one-half interest as an heir at law and distributee of testator in all the residue of the estate, both real and personal, not specifically devised, or effectually disposed of under said will, which includes any after-acquired property not passing under any specific bequest in said will,

and any lapsed legacies that may have occurred. I find that said M. E. Busby is not required to elect between her rights under the will as to the property given her and her rights as an heir at law with respect to property undisposed of.

" 'In support of the above findings the following authorities are quoted:

" ' "Lands and personal property which shall be purchased or otherwise acquired by any person after the making of his or her will shall pass thereby, and no person shall be considered as having died intestate as to the said lands and personal estate." Section 5331, Volume 3, Civil Code of South Carolina, 1922. See, also, *Welborn v. Townsend,* 31 S. C., 408; 10 S. E., 96.

" 'It is very clear, then, that after-acquired property passed under the residuary clause of the will.

" ' "Where testator by his last will devised and bequeathed real and personal estate to his wife for life, and at her death to return to and become a part of his estate, and made no further disposition of it, it is a case of intestacy as to the reversion, which on his death vested instantly in those entitled to distribution, among whom the wife was prominent." *Rochell v. Tompkins,* 1 Strob. Eq., 114.

" 'In *McFadden v. McFadden,* 107 S. C., 101; 91 S. E., 986, it was held: "Generally, when there is a devise to heirs as a class, they take at the death of the testator, unless a different time is fixed by the word 'surviving' or some other equivalent expression. * * * * "

" 'On page 105, *supra* (91 S. E., 987), the Court says: "In the case now under consideration the word 'heirs' is not qualified by the word 'surviving' or any other equivalent expression. Therefore, the death of the testator, and not that of the life tenant, is the period to which we must look for the purpose of determining who are to take." See, also, *Faber v. Police,* 10 S. C., 376. *Brantley v. Bittle,* 72 S. C., 179; 51 S. E., 561. *Boyce v. Moseley et al.,* 102 S. C., 361; 86 S. E., 771. *Boyd v. Hall,* 104 S. C., 425; 89 S. E.,

403. *Avinger v. Avinger,* 116 S. C., 125; 107 S. E., 26. *Clardy v. Clardy,* 122 S. C., 451; 115 S. E., 603.

" '7. Question G. Under authorities quoted in paragraph 6 herein, hold and find that M. E. Busby shall participate as an heir at law and distributee in any property that should be disposed of as intestate property, her life interest merging into the remainder in fee, in addition to receiving the shares specifically devised to her under the will.

" 'Paragraph 2 of the will. The Evangelical Lutheran Synod of South Carolina takes a fee-simple title to one-half of a lot of 9.65 acres described in this paragraph. The dividing line should run at right angles to the railroad, and the executrix may choose which half shall be the Synod's. The other half of this tract passes under the residuary clause, main section of paragraph 4, and should be distributed as in case of intestacy; the heirs to be determined by those in life at time of testator's death, the widow being entitled to her share as provided under the Statute of Distribution. This finding is based on the conclusion that testator died seized and possessed of the whole or a portion of said 9.65 acres. Otherwise, the Evangelical Lutheran Synod receives nothing under this paragraph.

" 'Paragraph 4 of will. Main section. Under this section, Mrs. M. E. Busby takes a fee-simple title to an undivided one-half interest as an heir at law and distributee of testator in all the residue of the estate, both real and personal property, not specifically devised or effectually disposed of under said will, which includes any after-acquired property not passing under any specific bequest in said will, and any lapsed legacies or bequests that may have occurred. Having given a life estate to M. E. Busby, but failing to dispose of the remainder, the life estate merges into remainder and becomes a fee. The remaining half of this class of property should be distributed at the death of Mrs. M. E. Busby among the heirs of the testator, determined at death of testator, and as provided under the Statute of Distribution.

14—S. C. R.—142

" 'Paragraph 4, Section ·(c). This legacy bequeathed to testator's mother has lapsed on account of her death, and any notes or accounts due testator at his death by Mrs. Crocker and her husband pass under the residuary clause, and should be distributed as in case of intestacy; the widow being among the heirs.

" 'Paragraph 4, Section (j). Devisee Eva Jeter having predeceased testator, this bequest has lapsed, and, therefore, passes under the residuary clause, main section, paragraph 4, and should be distributed among the heirs of testator, determined at his death and as provided under the Statute of Distribution; the widow being an heir and entitled to share.' "

From the Master's report, which is clear and conclusive, certain of the defendants, Joel W. Riser, Albert F. Riser, Minnie L. Koon, Sallie C. Sulton, C. Adeline Koon, · J. Broxie Jeter, Eva E. Koon, Jacob G. Jeter, John C. Busby, W. T. Busby, J. G. Busby, Sallie Virginia Busby, W. R. Riser, and Helen B. Ballentine, appealed. The appeal was heard by his Honor, Judge Hayne F. Rice, who overruled the exception to the report, confirmed the same, and made it the order and judgment of the Circuit Court. From the decree of Judge Rice, these defendants above named have appealed to this Court on grounds set forth under the exceptions, which will be reported, together with the decree of his Honor, Judge Rice.

The decree of his Honor, Judge Rice, affirming the Master's report, is satisfactory to this Court, and, for the reasons therein stated, it is the judgment of this Court that the judgment of the Circuit Court be, and is hereby, affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease, and Stabler concur.

Mr. Justice Cothran (concurring): I feel constrained by the cases of *Rochell v. Tompkins,* 1 Strob. Eq., 114, and *Lawrence v. Burnett,* 109 S. C., 416; 96 S. E., 144, to concur.