13172

LANDRUM *ET AL.* v. BRANYON

(159 S. E., 546)

236

238

240

244

*Mr. B. F. Martin,* for appellants,

*Mr. A. H. Dagnall,* for respondent,

June 10, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE RAMAGE, Circuit Judge.

This is an appeal from an order of his Honor, Judge Mann, sustaining a demurrer to the complaint. The complaint and exceptions will be set out in the report of the case.

A full understanding of the setting of this appeal can be gotten from the case of *Ex Parte Darby*, 157 S. C., 434, 154 S. E., 632, 639.

We make special reference to the said case, and this opinion must be taken in connection with what is so well said there both by Judge Townsend and Mr. Justice Cothran. It would be a work of supererogation to attempt to restate the matters that were settled in that case.

It appears that T. M. Branyon died in the year 1892, leaving of force his last will in which he devised a tract of land to his son, William Calhoun Branyon, and another tract of land to the children of the said William Calhoun, if he have any, and then follow these words: "If my son should die without children, then I desire this tract, the first herein given to my son, to go to John M. G. Branyon's heirs; the other tract to Martha Shirley's heirs."

The Court is not concerned with the devise to Martha Shirley's heirs except as it may throw light on the matter in issue.

John M. G. Branyon had died in the year 1866, leaving among other children, Reuben O. Branyon. Reuben O. Branyon died in 1923, leaving the plaintiffs herein, his children. The very able and industrious counsel for the plaintiffs (appellants) states the question here in these words: "Whether the words 'John M. G. Branyon's heirs' mean those answering that description at the death of testator, or at the death of W. C. Branyon without children."

We had just as well get rid of one matter that was argued very fully at the hearing, and that was this: Must a will written by a layman be construed differently from that written by a lawyer? There are some expressions in the cases meant for that particular case that seem to give more latitude to the use of legal terms by a layman than when written by a member of the bar. But there is no hard and fast rule on the subject.

The general rule is that where legal terms are found in a will and these terms have a well-defined meaning and application in the textbooks and case law, and especially in statute law of the state, these words when so used will be confined to their well-fixed meaning, unless there is something in the case to show that some other meaning must be attached. An heir is he upon whom the law casts an inheritance upon the death of the ancestor.

"*Prima facie,* words must be understood in their legal sense; unless by the context, or express words, plainly appearing, intended otherwise." *Clark v. Mosely,* 1 Rich. Eq., 400, 44 Am. Dec., 229.

Mr. Justice Cothran says, in the case of *Ex Parte Darby:* "The tract should go to the heirs of John G. M. Branyon. He being dead at that time, there was no question as to who his heirs were."

That is and was a matter easily to be determined. Simply go to the statute law of the state and then see whom John M. G. Branyon left, and the matter is fixed. A will is presumed to speak from the date of the death of the testator, unless it clearly appears to the contrary. That great real estate lawyer, James Y. Culbreath of Newberry, used to say that a will was ambulatory up to the death of the testator, but then it was fixed.

It clearly appears that Reuben O. Branyon was *in esse* at the time of the death of the testator, T. M. Branyon.

Now, what interest did R. O. Branyon take under the will? He took a contingent executory devise. We may take it as a definition in this case. In analogy to the term "contingent remainder," it is a good term to express without circumlocution the kind of estate that R. O. Branyon took. It seems that at least the party who takes a contingent executory devise ought to have the equivalent of what is a contingent remainder, making due allowance for the difference between these estates as laid down in the books.

"But it was always possible for a contingent remainderman to release to one in possession. The contingent remainder also descends to the heirs-at-law of the remainderman upon his death, provided the contingency does not arise from the uncertainty of the person who is to take the remainder." 4 Kent. Com., 262; *Roe v. Griffin,* 1 W. Black Rep., 606; Tiedeman on Real Prop. (3d Ed.), § 305.

This same principle has been fully recognized in the recent case of *Manigault v. Bryan,* 154 S. C., 78, 151 S. E., 199.

"Generally, when there is a devise to heirs as a class, they take at the death of the testator, unless a different time is fixed by the word 'surviving' or some other equivalent expression." *McFadden v. McFadden,* 107 S. C., 104, 91 S. E., 986.

There are other cases holding this same principle, and among these are *Avinger v. Avinger,* 116 S. C., 125, 107 S. E., 26; *Clardy v. Clardy,* 122 S. C., 453, 115 S. E., 603; *Busby v. Busby,* 142 S. C., 404, 140 S. E., 801; *National Union Bank v. McNeal,* 148 S. C., 38, 145 S. E., 549.

As a general rule, a will speaks from the death of the testator, and must be construed as operating according to the state of things then existing. 40 Cyc., 1424.

"The general rule, then, is that testaments take effect, or as it is sometimes expressed, speak, at the death of the tes-

tator, and are to be applied to his personal estate, as it exists at that time. And this should be the construction in all doubtful cases." *Garrett v. Garrett,* 2 Strob. Eq., 272.

Many other cases might be cited along the same line, but these will suffice.

So in 1904 R. O. Branyon had whatever was meant for his part of the interest taken by John M. G. Branyon's heirs under the will in question. He took that when the testator died. Such being the case, when Judge Featherstone held that W. C. Branyon took the fee to the land, that he would have the right to convey the said property, and that "the heirs of John M. G. Branyon have no interest, whatever, in the said tract of land," then that foreclosed any right that R. O. Branyon had under the said will, under the principles of *res adjudicata.* When R. O. Branyon failed to appeal from the order of Judge Featherstone he lost all right under the will. His ruling became the law of the case. R. O. Branyon was made a party to the action for the express purpose of asserting any right he might have had and by failing to set up such right or claim was forever barred. He who fails to speak when he ought to speak will be precluded from speaking when he wishes to speak.

Innocent parties and purchasers were both entitled to rely on the fact that it had been judicially determined that R. O. Branyon, as an heir of John M. G. Branyon, had no interest in the said land, and also from the further fact that he never claimed any, when it was his duty to speak.

The Court in the *Darby case* uses this language: "It appears beyond question that all of the heirs-at-law of the various persons who might possibly be interested in the real estate were made parties defendant. except the petitioner in the present proceeding, Talullah Darby."

We therefore answer the first question as follows: The words "John M. G. Branyon's heirs" mean those answering the description at the death of the testator, T. M. Branyon.

Such being the holding and finding of this Court, it follows as a necessary conclusion that the children of R. O. Branyon *in esse* and in the jurisdiction in 1904 were not necessary parties to the action brought at that time.

Such being the conclusion of the Court, it follows that the plaintiffs are out of Court; his Honor, Judge Mann, was right in sustaining the demurrer to the complaint. The Court has been struck with the clearness of the briefs on both sides which presented the matter in such a light as to relieve the Court of much labor and investigation of the case law, which usually makes a case of this nature one of great labor and toil on the part of a Judge trying to decide it.

It is therefore the order and judgment of this Court that the appeal be, and the same is hereby, dismissed, and the order below affirmed.

Mr. Chief Justice Blease and Messrs. Justices Cothran, Stabler and Carter concur.

Mr. Justice Bonham disqualified.