14846

KENNEDY v. KENNEDY *ET AL.*

(2 S. E. (2d), 33)

54

*Messrs. Buist & Buist,* for appellant,

*Mr. John I. Cosgrove,* for respondent, cites:

March 23, 1939.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

John Darcy Kennedy, a resident of Charleston County, died May 27, 1937, at the age of eighty-four, leaving of force his last will and testament, which was duly admitted to probate. At the time of his death, the testator owned over forty parcels of real estate in the City of Charleston, which were assessed for taxation at $19,660.00, but the true value of which, it was alleged, is in excess of that figure. He was married twice. To him and his first wife, who died in 1896, three children were born, all of whom are living and are defendants in this suit. The plaintiff, his second wife, whom he married in June, 1913, was then forty-five years of age, he being about thirteen years her senior. This marriage was not blessed with issue. The two minor defendants are testator's grandchildren, one of whom was born before and the other after the will was made.

This action was commenced in 1938 by the widow of the testator and was brought for the purpose of obtaining a construction of the will with reference to the real estate. The issue made by the pleadings was whether Kennedy died intestate as to the whole or any part of his real property in remainder after the interests therein for the life of his wife. The case was heard by his Honor, Judge Lide, on an agreed statement of facts. He filed a decree on April 26, 1938, in which he held that there was no intestacy. The correctness of this holding is challenged by the appellant, plaintiff below, and is the principal question presented by the appeal.

The only portions of the will which relate to the real estate are the fifth paragraph and a part of the seventh. The fifth is as follows, the numbers being inserted by the Circuit Judge for convenience and construction: "(1) I do hereby give, devise, and bequeath to my beloved wife, Lizzie I. Kennedy during her natural life, one-third interest in the income of all my real estate wheresoever found and situated. (2) I do hereby give and devise, and bequeath to my three beloved children, John Darcy Kennedy, Junior, Mary Elezabeth Kennedy, and Urban Moultrie Kennedy,

the remaining two-thirds interest of the income of my real estate during the life of my beloved wife. (3) And at the decease of my beloved wife, or if she should predecease me, then her one-third interest is to be divided equally among my three children, John Darcy Kennedy, Junior, Mary Elezabeth Kennedy, and Urban Moultrie Kennedy, if they be living, (4) and if they should predecease my beloved wife, then to such grandchildren of such decease. (5) Providing further if any of my children should predecease the other or me, the interest of such decease is to be given and divided equally among the survivors of such children."

As is seen from a reading of this paragraph, the testator by clause (1) gave to his wife one-third of the income of his estate during her life; and by clause (2) he gave the remaining two-thirds of the income to his three children, naming them, during the life of the widow. These clauses, as held by the Circuit Judge, "relate only to the income from the real estate during the life of the widow, and do not deal with the fee in any respect." The testator provided by clause (3) that at the death of his wife, "her one-third interest" should be equally divided among his three children. This language, we think, is correctly construed by the Circuit Judge as referring "to the one-third interest in fee (in remainder) which the widow would have been entitled to if the testator had died intestate."

No provision, however, is found in the will which expressly disposes of the remaining two-thirds in fee. The real question, therefore, presented by the appeal is whether the trial Judge erred, as charged by the second exception, "in not construing the will of the deceased as creating an intestacy as to a two-thirds interest in remainder."

With reference to this question, Judge Lide said: "Clause (3), as above stated, undertakes to dispose of the one-third interest in fee which the widow would have taken if there had been no will; and gives it to the testator's three children, subject to the subsequent clauses; but no mention

is made of the remaining two-thirds in fee. And it is contended by counsel for the plaintiff that there is no language used in the will which expressly or by reasonable implication makes any attempt to dispose of the two-thirds interest in fee in remainder after the death of the wife, and that consequently there is certainly intestacy as to this interest. But having referred to and disposed of 'her one-third interest,' surely it is clear that the testator did not intend that his wife should have any interest in his real estate except one-third interest in the income for her life. And hence it follows that the two-thirds interest in remainder must pass in fee upon the death of the widow to the three children, either as a vested remainder, or precisely as the will provides with reference to the other one-third interest, that is to say, subject to the subsequent clauses. The latter alternative appears more logical, and would seem to be reasonably implied from the terms of the will."

The cardinal rule of interpretation of wills is thus stated in *Roundtree v. Roundtree,* 26 S. C., 450, 2 S. E., 474, 478: "The object of all construction is to ascertain the intention of the testator, and, when that is ascertained, it must be carried into effect, provided this can be done consistently with the settled rules of law. But how is the intention to be ascertained? Certainly not by a conjecture as to what the testator ought to have done, but by considering what is the plain meaning of the language which he has used, and by giving a careful consideration to the words of the will as a whole, guided by such rules of law as experience has shown to be useful in seeking such intention. We are to read the will as a whole, and from its terms ascertain, if practicable, what was in the mind of the testator at the time he executed it. We may also, where the language used is obscure or doubtful, read such language in the light which may be reflected upon it by the circumstances surrounding the testator at the time he executed his

will·; but such circumstances cannot be resorted to, to prove the testator's intention apart from his language." See also *First Nat. Bank v. Hutson,* 142 S. C., 239,.140 S. E., 596; *Thomson v. Ehrlich et al.,* 148 S. C., 330, 146 S. E., 149; *Bomar v. Corn et al.,* 150 S. C., 111, 147 S. E., 659; *Howard v. Bright,* 150 S. C., 358, 148 S. E., 188; *DesPortes v. DesPortes et al.,* 157 S. C., 407, 154 S. E., 426; *Monk v. Geddes et al.,* 159 S. C., 86, 156 S. E., 175; *Beckwith v. McAlister,* 165 S. C., 1, 162 S. E., 623; *Patterson v. Cleveland et al.,.* 165 S. C., 266, 163 S. E., 784.

In 28 R. ·C. L·, 218, the writer says: "The intention of the testator ·need not be declared in express terms in the will, but it is sufficient if the intention can· be clearly inferred from particular provisions of the will, and from its general scope and import. The Courts will seize upon the slightest indications of that intention which can be found in the will to determine the real objects and subjects of the testator's bounty. The inference as to the intent need not be irresistible or such as to exclude all doubts possible to be raised, but must, nevertheless be such as to leave no hesitation in the mind of the Court, and must not rest on mere conjecture."

Although every presumption is against intestacy, the fact that a man does not intend to die intestate, cannot vary the construction of a will. "While the expression of such intention may be laid hold of to enlarge doubtful dispositions, it cannot supply the place of an actual disposition express or reasonably to be implied." *Smith v. Heyward et al.,* 115 S. C., 145, 105 S. E., 275, 281.

Applying these accepted principles of construction to the will before us, we are of opinion that Judge Lide, in his analysis of its pertinent provisions, reached a correct conclusion. In addition to what is said in the decree, attention is directed to the circumstances surrounding the testator at the time of the execution of the will, which we may properly consider, and which doubtless

affected his disposition of the estate, as evidenced by his plan or scheme in doing so.

He was a man of advanced years, more than seventy. There were *in esse,* as the objects of his bounty, his childless second wife, who was about fifty-nine years of age, and his children by his first marriage and a grandchild. As indicated by his plan or scheme it was upon these alone the testator intended to bestow benefits in the disposition of his estate. His first care was for his wife. He gave to her onethird of the entire income of the estate during her life, but provided that at her death "her one-third interest" should go to his three children, thus indicating that it was his intention, while providing for her a lucrative income for life, that she should take no interest in the real estate except that income. And while he did not expressly dispose of the remaining two-thirds in fee, the devise to his children of the "one-third interest" of the widow, to pass to them at her death, also reflects the clear intention of the testator, viewing the situation as he viewed it, that they, those of his own blood, should take the entire estate at the death of his wife; that is to say, not only "her one-third interest" but also the remaining two-thirds interest in fee. Considering the will as a whole, in connection with the surrounding circumstances at the time of its execution, and carefully comprehending the scheme or plan of the testator, we cannot escape this implied disposition of his property. As giving much support to this view, that it was the intention of the testator to so dispose of his property, especial attention is directed to the seventh paragraph of the will, in which he named one of his sons as trustee "to collect all rents of said real estate, to pay all taxes, on said real estate when due, and sell said real estate at the termination of this trust, and see that the terms of this my last will and testament be carried out to the letter."

In view of this conclusion, it becomes unnecessary to consider the second question involved in the appeal.

·. The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.