March 25, 1940.
The opinion of the Court was delivered by
By their appeal plaintiffs challenge the correctness of the decree on circuit of special Judge W.C. Cothran, reached by him in a contest between appellants, claiming as beneficiaries under the will of John C. Everett, deceased, and respondents, claiming as beneficiaries under the will of Lillian R. Everett, widow of John.
By his will, dated 1917 and admitted to probate in 1919, John C. Everett devised a tract of land in Marlboro County, or more accurately stated, the rents and profits arising therefrom, unto his wife, Lillian, for the term of her life, directing his executors, upon her death, "to sell the said land and divide the net proceeds of the said sale" among *Page 117 his relatives, namely, the plaintiffs, or those represented by them. By five other items of his testament, Mr. Everett made small bequests to other relatives and to an orphanage, and by Item 11 bequeathed unto Mrs. Everett "all of my other personal property of whatever nature and wherever found," specifically directing its delivery by the executors.
In December, 1918, approximately five months before his death, the testator sold the tract of land referred to above and a smaller tract in Williamsburg County for a total cash consideration of $15,500.00, of which amount, prior to the probate of his will in mid-May, 1919, he disposed of more than $7,000.00 for purposes not disclosed by the record, so that, upon his death, he had left less than $8,500.00.
His widow, Lillian R. Everett, by her will, admitted to probate in April, 1937, bequeathed all of her property unto the defendants, other than Walter David, executor.
The contention of plaintiffs, both below and here, is, in substance, that it was the intention of John C. Everett that his will should speak as of its date, and that the proceeds of sale of the tract devised to them in remainder by Item 6 passed to them under the terms of his will.
Defendants asserted, on the contrary, that, inasmuch as the testator, subsequent to the signing of his will, disposed of such tract, and a large portion of the proceeds arising from its sale, there was nothing, either in the will or in the circumstances attending its execution, to warrant the Court in concluding with any degree of assurance that testator did not intend that his testament should speak as of the date of his death — in accordance with the general rule of construction — and contended that all personal property, not otherwise disposed of, passed to Mrs. Everett under Item 11 of her husband's will, and, in turn, unto them under the provisions of her will.
The conclusion reached by special Judge Cothran that the will of John C. Everett must be construed as speaking as of the death of the latter is satisfactory to this Court, *Page 118 
and his decree to that effect will be reported as a part of this opinion. It is unnecessary to add to the opinion of the trial Judge, except to state that we find nothing in the case ofKennedy v. Kennedy, 190 S.C. 53, 2 S.E.2d 33, in conflict with the result reached on Circuit.
The decision of special Judge Cothran is affirmed.
MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES CARTER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE E.H. HENDERSON concur.