42500. McGHEE et al. v. BANKS, Administrator, et al.

ARGUED JANUARY 3, 1967—DECIDED FEBRUARY 3, 1967.

*Walter V. Beasley, J. N. Johnson,* for appellants.

*Johnson & Hayes, Randolph Hayes, Edenfield, Heyman & Sizemore, Benjamin H. Oehlert, III, Northcutt & Edwards, Robert E. Hicks,* for appellees.

HALL, Judge. The issue on this appeal is whether the estate of a testator, upon her homicide by her husband whom she had named the beneficiary of her entire estate, is payable to her heirs at law other than her husband, or to the husband's daughter (the testator's step-daughter), who would be his heir at law upon his death. The following statute must be applied: "The right of inheritance is hereby denied any person who shall, with malice aforethought, kill any other person for the purpose of inheriting the property of the person so killed, or who shall conspire with another to kill or who shall procure another to kill any such person for purposes aforesaid. This denial to inherit shall

include any property which the person so killing would otherwise have inherited, whether real, personal or mixed, or any part thereof, belonging to such deceased person at the time of death, or any property which the person so killing would take by deed, will, or otherwise, at the death of the deceased; and all right, interest, and estate in and to said property shall go to such other heirs as may be entitled thereto by the laws of descent and distribution, or by will, deed, or other conveyance duly executed by the deceased in his or her lifetime. For the purpose of determining the descent and distribution through such person so killing, he shall be treated as though he had predeceased the person so killed." Ga. L. 1952, p. 288 (*Code Ann.* § 113-909).[1]

The terms "inherit" and "inheritance" generally refer to the acquisition of property under the laws of descent and distribution. 26A CJS 515, Descent and Distribution, § 1; Black's Law Dictionary (3d Ed.), p. 963. The legislature expressly gave a larger meaning to these terms in the 1952 Act: "This denial to inherit shall include any property which the person so killing would take by deed, will, or otherwise at the death of the deceased." With respect to the property affected the statute provides that "all right . . . in and to said property [which the person so killing would take] shall go to such *other heirs* as may be entitled thereto by the laws of descent and distribution, or by will . . . duly executed by the deceased in his or her lifetime." (Emphasis supplied.) By the term "other heirs" in the above context the legislature meant other heirs of the deceased, whether the deceased died intestate or testate. See 26A CJS 609, Descent and Distribution, § 47; 23 AmJur2d 844, Descent and Distribution, § 102; Anno. 156 ALR 623, 161 ALR 448. We are convinced that to include heirs of the person killing who are not also heirs of the person killed within the meaning of the term "other heirs" in this provision would not carry out the reasonable legislative intent.

---

[1]This homicide took place in 1958, and this statute was amended in 1959 to delete the words "for the purpose of inheriting the property of the person so killed." Ga. L. 1959, p. 299. The result of this appeal will be the same even if we should assume the 1959 amendment to be applicable.

The legislature explicitly provided that persons capable of inheriting from the deceased under the laws of descent and distribution through a living heir who killed the deceased are to take the property the disinherited heir would have taken: "For the purpose of determining the descent and distribution through such person so killing, he shall be treated as though he had predeceased the person so killed."

If the person killed is intestate and the person killing is an heir at law without issue, the statute directs that the property he would have taken go to all the *other heirs* of the deceased entitled under the laws of descent and distribution.

If the person killed was testate, the statute directs that the property the person killing would have taken under the will go (1) if the testator named none of his heirs as beneficiaries, to all the persons who would have been the testator's heirs at law under the laws of descent and distribution, excluding the person killing; or (2) if the testator named some of his heirs at law as beneficiaries of his will, to those named beneficiaries.

The parties stricken in this case were heirs at law of the testator. The ground upon which the trial court struck them as parties was that they could not be entitled to any part of the testator's estate. In this reasoning the trial court erred.

The appellee argues that this case must be governed by *Code* § 113-812: "If a legatee shall die before the testator, or if dead when the will is executed, but shall have issue living at the death of testator, such legacy, if absolute and without remainder or limitation, shall not lapse, but shall vest in the issue in the same proportions as if inherited directly from their deceased ancestor." This Code section applies if *a legatee shall die before the testator*. The 1952 Act applies if, by the wrongful act of the legatee, *the testator dies before the legatee* and the legatee by law is *treated as* having died before the testator. Each statute provides for the disposition of property in a particular way in different circumstances. The 1952 Act provides that when a legatee kills a testator the property the legatee would have received under the will shall go to the *heirs of the person killed,* thereby excluding the heirs of the legatee from sharing in this property unless they be also heirs of the testator. *Code* § 113-812 is not

applicable in the circumstances of the present case, and cannot be applied to defeat the legislative purpose of the 1952 Act.

The trial court erred in striking Hugh J. McGhee, Mary E. McGhee Brown, and Julian J. Keith as parties to this litigation.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*