SIGMOND A. BEAR, ADMINISTRATOR C. T. A. OF THE ESTATE OF MOSES BEAR v. SIGMOND A. BEAR AND WIFE, CATHERINE BEAR; JANET BEAR DURHAM AND HUSBAND, EMMETT DURHAM; MIRIAM MOSS AND HUSBAND, SIDNEY MOSS, AND SALLY STEPHENSON AND HUSBAND, GLENN STEPHENSON

No. 685SC441

(Filed 5 February 1969)

1. Wills § 66—    antilapse statute — residuary devise or bequest
       G.S. 31-42(a) applies to prevent the lapse of a residuary devise or bequest as well as to prevent the lapse of a specific devise or bequest.

2. Wills § 66—    antilapse statute — when applicable
       G.S. 31-42(a) prevents the lapse of a devise or bequest, whether it be

specific or residuary, where the devisee or legatee who would have taken had he survived the testator predeceases the testator survived by issue who survive the testator and who would have been heirs of the testator had there been no will.

**3. Wills § 66— antilapse statute — lapsed residuary devise or bequest**

A lapsed residuary devise or legacy continues as a part of the residue and passes to the other residuary devisees or legatees, or, if there are none, passes as if testator died intestate with respect thereto. G.S. 31-42(c) (2).

**4. Wills § 66— antilapse statute — lapsed residuary devise or bequest**

Provision of G.S. 31-42(c) (2) that a lapsed residuary devise or bequest continues as a part of the residue and passes to "the other residuary devisees or legatees, if any" applies only where there are other residuary devisees or legatees named in the will who survive the testator, and does not operate to pass the lapsed portion of the residuary devise or bequest to surviving issue who were substituted under G.S. 31-42(a) for other deceased residuary devisees or legatees.

APPEAL by respondents from *Bundy, J.,* 14 October 1968 Civil Session, Superior Court of NEW HANOVER.

This is an action for a declaratory judgment brought to construe the will of Moses Bear. The matter was heard on the facts admitted in the petition, answers, and stipulations by the administrator c. t. a. and all respondents. The respondents are all of the heirs of Moses Bear and are all persons who have, or may have a claim of any interest in the estate of Moses Bear, real or personal. Moses Bear died on 15 January 1968 leaving a last will and testament which was dated 22 September 1917. He was declared an incompetent in the Superior Court of New Hanover County on 11 June 1919 and remained an incompetent until his death. His nephew, Sigmond A. Bear, qualified as administrator c. t. a., and the gross value of the estate was estimated by him to be $448,000. The will of Moses Bear has been duly admitted to probate.

Moses Bear was the son of Samuel Bear, Sr., who had eight children; namely, Isaac Bear, Sigmond Bear, Julius Bear, Miriam (Mamie) Bear Blumenthal, Bertha Bear Rothschild, Moses Bear, Julia Bear, and Emanuel Bear. Isaac, Julia, and Julius Bear were deceased at the time Moses Bear's will was written, and the two sisters and two brothers named in the will predeceased Moses Bear. Emanuel I. Bear, a brother named in the will, left children surviving; namely, Sigmond A. Bear and Janet Bear Durham, respondents herein, who are the nephew and niece of Moses Bear. Bertha Bear Rothschild, named in the will, left lineal descendants surviving her; namely, Miriam Moss and Sally Stephenson, her grand-

daughters, and the grandnieces of Moses Bear, also respondents herein.

The will of Moses Bear contained five items. The First Item contained directions to the named executors with respect to debts, funeral expenses, and costs of administration. The Second Item is a bequest to Mamie Blumenthal of the sum of $5,000 in cash. There is no controversy as to this Item, it being agreed by all parties that this bequest lapsed and fell into the residuary estate. The Third Item of the will contained a specific bequest of $2,500 in cash to Bertha Rothschild. There is no controversy as to this Item, all parties agreeing that this legacy passes to respondents Miriam Moss and Sally Stephenson, granddaughters of Bertha Rothschild.

Item Fourth of the will is as follows: "All the rest and residue of my property and estate, of every nature and kind, both real, personal and mixed, and wheresoever the same may be at the time of my death, I give, devise and bequeath unto my brothers Sigmond Bear and Emanuel I. Bear, share and share alike, absolutely and in fee simple."

Item Fifth appointed his brothers as executors of the will and revoked all other wills previously made by testator.

The trial court entered a judgment containing "findings of fact" and conclusions of law. The "findings of fact" were not findings of fact by the court but constituted a statement of the facts admitted, stipulated, or agreed upon. The "findings of fact" and conclusions of law pertinent to this appeal are as follows:

"5. That, with respect to Item Fourth of the said Will, Emanuel I. Bear and Sigmond Bear, the persons named as legatees and devisees therein, were deceased at the time of the death of Moses Bear. That General Statutes of North Carolina 31-42(a) is applicable to a devise or legacy under a residuary clause, and that by reason thereof the respondents Sigmond A. Bear and Janet Bear Durham, the only living children of Emanuel I. Bear, a brother of Moses Bear, are substituted for their father Emanuel I. Bear, who predeceased the testator, and each is therefore entitled to one-fourth of the residuary estate of the said Moses Bear.

6. That, with respect to the bequest to Sigmond Bear under Item Fourth of said Will, the said bequest lapsed, he having predeceased the testator, Moses Bear, without leaving issue surviving.

7. That the lapsed bequest to Sigmond Bear, the brother of

Moses Bear, is not saved by the provisions of General Statutes of North Carolina 31-42(c), there being no other residuary devisees or legatees, and under the terms of that subsection, the same passes as if the testator had died intestate with respect thereto; that the distribution of said intestate, one-half share of the residuary estate of Moses Bear, is one-third to Sigmond A. Bear; one-third to Janet Bear Durham, one-sixth to Miriam Moss, and one-sixth to Sally Stephenson; as a result of which the respondents Bear and Durham each take an additional one-sixth each of the whole residue, and the respondents Moss and Stephenson take one-twelfth each of the whole residue.

8.   That, by reason of the foregoing construction, the entire residuary estate of the late Moses Bear, including both real and personal property, passes to the respondents in the following proportions, to wit:

A.   Sigmond A. Bear, 5/12ths undivided interest;

B.   Janet Bear Durham, 5/12ths undivided interest;

C.   Miriam Moss, 1/12th undivided interest;

D.   Sally Stephenson, 1/12th undivided interest."

Respondents Sigmond A. Bear and wife, Catherine Bear, and Janet Bear Durham and husband, Emmett Durham, excepted to findings and conclusions Nos. 6, 7 and 8. Respondents Miriam Moss and husband, Sidney Moss, and Sally Stephenson and her husband, Glenn Stephenson, excepted to findings and conclusions Nos. 5 and 8.

*Hogue, Hill and Rowe by C. D. Hogue, Jr., for respondent appellants (and appellees) Sigmond A. Bear and wife, Catherine Bear, and Janet Bear Durham and husband, Emmett Durham.*

*Marshall and Williams by Lonnie B. Williams for respondent appellants (and appellees) Miriam Moss and husband, Sidney Moss, and Sally Stephenson and husband, Glenn Stephenson.*

MORRIS, J.

At the outset, exceptions of all respondents to the "findings of fact" are without merit and are overruled because the facts stated by the court as "findings of fact" are only recapitulation of facts admitted, stipulated or agreed upon, and the exceptions will be considered only as exceptions to the conclusions of law.

Appellants Bear and Durham contend that they should take the entire residue of the estate, relying both on the effect of North Car-

olina General Statute 31-42 and what they contend is a reasonable construction of the will. Appellants Moss and Stephenson contend that as to the entire residue Moses Bear died intestate and that, as nephew and niece of testator, respondents Bear and Durham are entitled to one-third each of the residue; and respondents Moss and Stephenson, as grandnieces of testator, are entitled to one-sixth each of the residue.

A determination of the question requires the construction of G.S. 31-42. This statute is entitled "Failure of devises and legacies by lapse or otherwise." The sections pertinent to this appeal are (a) and (c). They are here set out verbatim:

"(a)   Devolution of Devise or Legacy to Person Predeceasing Testator. — Unless a contrary intent is indicated by the will, where a devise or legacy of any interest in property is given to a devisee or legatee who would have taken individually had he survived the testator, and he dies survived by issue before the testator, whether he dies before or after the making of the will, such devise or legacy shall pass by substitution to such issue of the devisee or legatee as survive the testator in all cases where such issue of the deceased devisee or legatee would have been an heir of the testator under the provisions of the Intestate Succession Act had there been no will."

"(c)   Devolution of Void, Revoked, Renounced or Lapsed Devises or Legacies. — If subsections (a) and (b) above are not applicable and if a contrary intent is not indicated by the will:

(1)   Where a devise or legacy of any interest in property is void, is revoked, is renounced, or lapses or which for any other reason fails to take effect, such a devise or legacy shall pass

a.   Under the residuary clause of the will applicable to real property in case of such devise, or applicable to personal property in case of such legacy, or

b.   As if the testator had died intestate with respect thereto when there is no such applicable residuary clause; and

(2)   Where a residuary devise or legacy is void, revoked, renounced, lapsed or for any other reason fails to take effect with respect to any devisee or legatee named in the residuary clause itself or a member of a class described therein, then such devise or legacy shall continue as a part of the residue and shall pass to the other residuary devisees or legatees if any; or, if none, shall pass as if the testator had died intestate with respect thereto."

This statute as above set forth is applicable to wills of persons dying on or after 1 July 1965. It does not appear that the statute has been interpreted, nor that the question before us has been heretofore presented.

Appellants Bear and Durham contend that under the provisions of G.S. 31-42(a) they are substituted in the residuary clause to receive the share of Emanuel I. Bear who predeceased testator. They further contend that, having been thus substituted, they become "the other residuary devisees or legatees" who take where a residuary devise lapses under subsection (c)(2) of the statute.

Appellants Moss and Stephenson contend that section (a) is inapplicable to a lapse occurring in the residuary clause and respondents Bear and Durham are not substituted for their father with respect to the one-half of the residue devised and bequeathed to him and further that section (c) of the statute clearly provides that a lapsed residuary devise or bequest goes "to the other residuary devisees or legatees if any"; that there are no other residuary devisees or legatees surviving testator and as to the bequest to Sigmond Bear, the testator died intestate.

Section (a) of G.S. 31-42 provides that, absent a contrary intent expressed by the will, where "a devise or legacy of any interest in property is given to a devisee or legatee who would have taken individually had he survived the testator, and he dies survived by issue before the testator, whether he dies before or after the making of the will, such devise or legacy shall pass by substitution to such issue of the devisee or legatee as survive the testator . . ." Respondents Bear and Durham earnestly contend that the phrase "devise or legacy of any interest in property" includes the residuary.

On the other hand, respondents Moss and Stephenson just as earnestly contend that section (a) has no application to the residuary because it must be construed as a part of the entire statute. When this is done, they contend, it is apparent that section (c) becomes applicable, by its specific provisions, when section (a) is *not* applicable, and that subsection (1) of section (c) provides that "Where a devise or legacy of any interest in property" fails by reason of renunciation, revocation, lapse or any other reason, "such a devise or legacy shall pass under the residuary clause of the will" or by intestacy if there be no residuary clause. They argue that if section (a) applied to the residuary, section (c) would not provide that such a lapsed devise or legacy would pass under the residuary clause. Additionally they contend that subsection (2) of section (c) specifically provides for lapsed residuary devises and legacies.

**[1]**   As we view the plain wording of the statute in the light of rules of statutory construction, we reach the conclusion that section (a) thereof does apply to residuary devises or bequests.

"When courts are called upon to interpret legislative intent, the words selected by the Legislature should be given their generally accepted meaning unless it is manifest that such definition will do violence to legislative intent." *Bleacheries Co. v. Johnson, Comr. of Revenue,* 266 N.C. 692, 694, 147 S.E. 2d 177. Provisions of a statute are not to be interpreted out of context but must be construed as a part of the composite whole and accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit. *Watson Industries v. Shaw, Comr. of Revenue,* 235 N.C. 203, 69 S.E. 2d 505; Strong, N. C. Index 2d, Statutes § 5, p. 72.

**[2, 3]**   It appears to us that section (a) of the statute is designed and intended to prevent the lapse of a devise or bequest, whether it be specific or residuary, in a situation where the devisee or legatee who would have taken had he survived the testator predeceases testator survived by issue who survive the testator and who would have been heirs of testator had there been no will. If this situation does not exist, then the devise or legacy lapses and passes under the provisions of subsection (c) (1) under the residuary or by intestacy, if there be no residuary. If lapse of a residuary devise or legacy cannot be prevented by application of section (a), then under subsection (c) (2) it continues a part of the residue and passes to the other residuary legatees or devisees, if any. If none, it passes as if testator had died intestate with respect thereto.

That this construction manifests the intent of the legislature is further evidenced by the clear language of the statute itself. Subsection (c) (2) is applicable, with respect to residuary devises or legacies, only where section (a) is not applicable. It would follow, it seems to us, that if the legislature had intended to exclude residuary devises and legacies from the operation of section (a), it would have specifically limited the section to specific legacies and devises, omitted subsection (2) from the provisions of section (c), and treated residuary devises and legacies in a separate provision of the statute unrelated to any other section.

We do not think that the legislature intended that the issue of a devisee or legatee meeting the conditions of section (a) could be substituted for that devisee or legatee as to a specific devise or bequest and not allowed to be similarly substituted if the same devisee or legatee were named as one of the residuary devisees or legatees.

We, therefore, hold that respondents Janet Bear Durham and Sigmond A. Bear are substituted for their father, Emanuel I. Bear, with respect to Item Fourth of the will of Moses Bear and are entitled to one-half of the residue of the estate. Assignment of error No. 1 of respondents Moss and Stephenson is overruled.

By their assignment of error No. 1, respondents Bear and Durham further contend that having been substituted for their father by reason of the applicability of section (a) of G.S. 31-42, they also take the share of Sigmond Bear in the residue to the exclusion of respondents Moss and Stephenson. To reach this determination they take the position that by reason of such substitution, they become "the other residuary devisees or legatees" referred to in subsection (2) of section (c).

G.S. 31-42(c)(2) provides that where a residuary devise or bequest lapses or becomes otherwise ineffective, "then such devise or legacy shall continue as a part of the residue and shall pass to *the other residuary devisees or legatees if any;* or, if none, shall pass as if the testator had died intestate with respect thereto." (Emphasis added.)

[4] Respondents Bear and Durham contend that this amendment changes the law and that they, by substitution, are the other residuary devisees or legatees. We do not agree. Prior to the 1965 amendment, in a situation where testator gave the residue of his estate to A, B, and C and A predeceased testator leaving no issue entitled to the property under the anti-lapse statute, A's share would pass to the heirs of testator as intestate property. *Wooten v. Hobbs,* 170 N.C. 211, 86 S.E. 811; *Entwistle v. Covington,* 250 N.C. 315, 108 S.E. 2d 603; Wiggins, *Wills and Administration of Estates in North Carolina,* § 149; 39 N.C.L. Rev. 313. After the 1965 amendment, the application thereof would result in A's share continuing as a part of the residue for division among the other residuary legatees and devisees. As we view G.S. 31-42(c)(2), the subsection is applicable only where there are other residuary devisees or legatees *named in the will who survive the testator.* Residuary devisee is defined as "The person *named in a will,* who is to take all the real property remaining over and above the other devises." (Emphasis added.) Black's Law Dictionary, 4th Ed., 539. Residuary legatee is defined as "The person *to whom a testator bequeaths* the residue of his personal estate, after the payment of such other legacies as are specifically mentioned in the will." (Emphasis added.) Black's Law Dictionary, 4th Ed., 1044. It seems obvious to us that the statute by use of the words "the other residuary devisees or legatees, if any"

refers to those residuary devisees or legatees *named* in the will and not to "such issue of the devisee or legatee as survive testator" who may have been substituted under G.S. 31-42(a). We, therefore, hold that the residuary devise and bequest of one-half the residuum to Sigmond Bear lapsed and passes as intestate property, and respondents Bear and Durham's assignment of error is overruled.

The construction placed upon the will of Moses Bear by the trial court resulted in the entire residuary estate, including both real and personal property, passing to the respondents in the following proportions: Sigmond A. Bear, 5/12 undivided interest; Janet Bear Durham, 5/12 undivided interest; Miriam Moss, 1/12 undivided interest; Sally Stephenson, 1/12 undivided interest. In the judgment of the trial court, we find no error.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.