## 19237

Edgar E. LIMEHOUSE, Administrator of the Estate of Just Doar Limehouse et al., Respondents, v. Christopher M. LIMEHOUSE et al., Appellants.

(182 S. E. (2d) 58)

*Messrs. Walker, Walker* and *Jenkins, C. Walker Limehouse, Esq., P. Kramer, Esq.,* of Summerville, *for Appellants,*

*Messrs. Hammer & Bernstein,* of Columbia, *Parler, Berry & Prettyman,* of St. George, *for Respondents,*

June 14, 1971.

BRAILSFORD, Justice:

The Will of Harriet Brown Limehouse, made shortly before her death in 1916, contained the following provision:

"I give and devise my farm in Stallsville, County Dorchester State aforesaid, unto my Son Just Doar Limehouse, absolutely and forever. If however he should die childless (without heirs) for his widow to have farm during her lifetime then to revert to and become part of my residuary estate."

Five years after his mother's death, Just Doar Limehouse adopted a son, Edgar, who alone survived his adoptive father's death intestate in 1967. The beneficiaries of the residuary estate of Harriet Brown Limehouse now claim the above property. The sole issue is whether Just Doar Limehouse died "childless (without heirs)" within the meaning of the Will. We agree with the trial judge that he did not.

The court's aim in construing a Will is to discover and effectuate the expressed intention of the testator. In searching for intention, however, we may not conjecture how the testator might have chosen to express himself had his mind adverted to the particular contingency. Circumstances known to the testator at the execution of his Will are an admissible aid in construing doubtful provisions, but the main recourse must be to the language used. *Shelley v. Shelley,* 244 S. C. 598, 137 S. E. (2d) 851 (1964); *Flood v. Howser,* 1 Nott & McC. (10 S. C. L.) 321 (1818). We may not redraft the Will, nor may we doctor a crucial part.

This provision of the Will vested in Just Doar Limehouse a fee simple estate in the land, defeasible on his death "childless (without heirs)." We must decide whether the exact contingency on which the duration of the fee was limited has occurred. *Ricardo v. Kelly,* 134 N. J. L. 540,

48 A. (2d) 897 (1946); In re Campbell's Will, 307 N. Y. 29, 119 N. E. (2d) 577 (1954). If so, the legal title reverted to the residuary estate of the testatrix. If not, it vested in the adoptive son of Just Doar Limehouse as sole heir at law of his father.

Myriad cases have concerned the treatment due an adopted child in the construction of a broad range of testamentary provisions. See, *e.g.,* Annot., 86 A. L. R. (2d) 12 (1962), and annotations there cited; Oler, Construction of Private Instruments Where Adopted Children Are Concerned, 43 Mich. L. Rev. 705 (1945). Despite the number of cases in this field, we have found no decision closely in point.

By the great weight of authority, the courts hold that a child adopted after the testator's death is not included in a gift to the "child or children" of a designated person. 86 A. L. R. (2d) 12, 48 (1962). On the other hand, when a gift is made to the *"heirs"* of a designated person, the cases are more evenly divided, with perhaps a majority permitting the adopted child to take. *Id.* at 91, *et seq.* Restatement of Property, Sec. 305, comment k (1940). However, these cases, pro and con, are clearly distinguishable from this one on at least two grounds. First, the adopted son of Just Doar Limehouse claims the property—not as a beneficiary under the Will—as the heir of his adoptive father, who could have disposed of the fee at his pleasure by deed or Will, subject only to the contingency expressed in his mother's Will. Second, the testatrix did not condition the defeasance of the fee devised to her son simply upon his dying "childless." She chose to express the condition upon which defeasance would occur by the phrase "childless (without heirs)." Presumably, the parenthetical expression was chosen wittingly, to modify and explain the word "childless" which it attends. It may not be discharged as meaningless without strong reason for so doing. *Lemmon v. Wilson,* 204 S. C. 50, 69, 28 S. E. (2d) 792, 800 (1944).

Mindful that a condition defeating a prior estate is not favored in construction (4 Page, Law of Wills, Sec. 37.46 (1961), and that in common parlance, as in law, one eligible to inherit from another is, upon that person's death, regarded as an heir, we are not persuaded that Just Doar Limehouse, who was survived by an adopted son possessing full right of inheritance from him, nevertheless, died "childless (without heirs)" within the meaning of the Will.

In resolving this latent ambiguity in favor of the fee, we find a helpful analogy in the rule that "where an estate is once given by words of clear and ascertained legal significance, it will neither be enlarged nor cut down by superadded words in the same or subsequent clauses of the will, unless they raise an irresistible inference that such was the intention of the testator * * *." *Lawrence v. Burnett,* 109 S. C. 416, 422, 96 S. E. 144, 146 (1918). *Schroder v. Antipas,* 215 S. C. 552, 56 S. E. (2d) 354 (1949), and cases reviewed therein. Perhaps the settled rule is not literally applicable here because the intent is clear to create a condition of defeasance which might have occurred without ambiguity. However, it strongly suggests the soundness of the view that the fee will not be defeated where uncertainty that this was the testator's intention arises in applying the language of defeasance to the pertinent facts. This is such a case.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.