19623

John A. TURNER and Aletha K. Nettles, Appellants, v. James W. TURNER, a minor under the age of fourteen years individually and as representative of the class consisting of all born and unborn grandsons of Fred J. Turner, by his sons, Respondent.

(196 S. E. (2d) 498)

440

*Messrs. Crum and Crum* of Denmark, and *Thomas R. Wolfe,* of Orangeburg, *for Appellants,*

*Messrs. Hammer and Bernstein,* of Columbia, *for Re-spondent,*

*Messrs. Crum and Crum,* of Denmark, and *Thomas R. Wolfe,* of Orangeburg, *for Appellants, in Reply.*

May 8, 1973.

LITTLEJOHN, Justice:

This appeal comes from an action for declaratory judgment brought pursuant to South Carolina Code of Laws § 10-2001 *et seq.* (1962), to determine title to a two hundred thirty-five (235) acre tract of land located in Bamberg County. The facts are stipulated; the primary issue involves the construction of the will of Dora T. Cleckley, wherein she devised the subject property by item two as follows:

"2. I give, devise and bequeath unto my son, James Daniel Cleckley, Jr., for and during his natural life all of my real estate, and at his death unto the *heirs of his body* in fee simple forever. The said James Daniel Cleckley, Jr. may sell the timber from the lands above mentioned and use the money derived therefrom. In the event my said son, James Daniel Cleckley, Jr., dies without *heirs of his body,* all of my real estate shall go to the grandsons of my brother, Fred J. Turner, by his sons only. This devise to take effect after the death of my son, James Daniel Cleckley, Jr., and shall go to the grandsons of Fred J. Turner, by his sons only, unto them in fee simple forever, and only in the event my said son dies without *heirs of his body.*"

Dora T. Cleckley died in 1934. She was survived by her son James Daniel Cleckley, Jr., her husband James Daniel Cleckley, Sr., and her brother Fred J. Turner. James Daniel Cleckley, Jr., died testate in 1970, without heirs of the body. Fred J. Turner died after the testatrix and before James Daniel Cleckley, Jr. He left two sons, George R. Turner, now age 54, and W. Lewis Turner, now age 51. Neither of them has ever had a natural son born to him. W. Lewis Turner adopted the defendant, James W. Turner, in 1960.

The plaintiff John A. Turner, claims an interest in the subject property under the will of James Daniel Cleckley, Jr.

The plaintiff, Aletha K. Nettles, claims an interest in the subject property through the will of James Daniel Cleckley, Sr. It is apparent from the record, and neither side contends otherwise, that if the defendant, adopted son of W. Lewis Turner, does not take the property and the limitation to grandsons fails for remoteness, the plaintiffs are the proper parties to take the land. There are two basic questions submitted to this Court for determination; first, whether the alternative devise "to the grandsons of my brother, Fred J. Turner, by his sons only" includes an adopted son of a son, hereinafter for convenience referred to as adopted grandson, and, second, whether the devise was in violation of the rule against perpetuities.

The trial judge held that the adopted grandson took under the will by reasoning that the language of the will did not indicate a contrary intention. It was the reasoning of the judge that the adopted grandson would take under the will unless the will itself indicated that he should be excluded. We do not agree that this is a proper delegation of the burden of persuasion. The testatrix died approximately twenty-five years before the adoption of the defendant; the adopted grandson is a stranger to the testatrix. Such an adopted grandson will not be included as one to inherit unless it affirmatively appears that such was the intention of the testator. See Annot. 86 A. L. R. (2d) 12 (1962).

In *Limehouse v. Limehouse,* 256 S. C. 255, 182 S. E. (2d) 58 (1971), this Court stated:

"By the great weight of authority, the courts hold that a child adopted after the testator's death is not included in a gift to the 'child or children' of a designated person. 86 A. L. R. (2d) 12, 48 (1962). On the other hand, when a gift is made to the *'heirs'* of a designated person, the cases are more evenly divided, with perhaps a majority permitting the adopted child to take."

There is nothing in the record before us from which an inference can be drawn that the testatrix intended to include

an adopted grandson of Fred J. Turner in the class gift. We hold that the trial judge was in error in ruling that the defendant took under the will.

This action was brought by the plaintiffs against not only James W. Turner, individually, but also against James W. Turner "as representative of the class consisting of all born and unborn grandsons of Fred J. Turner, by his sons." We therefore consider the second question, not because it affects James W. Turner, individually, but because the question may be of concern to the plaintiffs if sons should be hereafter born to George R. Turner or W. Lewis Turner. In doing so, we express no opinion as to the effect of the words "[t]his devise to take effect after the death of my son . . ." The construction of the will in this respect would be of critical importance if a grandson had been born after the probate of the will, but before the death of the life tenant.[1] However, under the facts of this case, it can make no difference. If the class closed by the terms of the will, the devise failed for want of a taker. If the class remains open to after-born members, we are of the opinion that the devise to the "grandsons of Fred J. Turner" violates the rule against perpetuities.[2] That rule is fairly stated as follows:

"No interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest."

It is a rule against a remoteness of vesting. It strikes down contingent future interests which may not vest or fail within lives in being plus twenty-one years. The rule attempts to strike a fair balance between the desires of living

---

[1] As discussed hereinafter, the test for remoteness is applied when the instrument creating the interest takes effect.

[2] The defendant primarily relies upon the case of *Jones et al. v. Holland et al.*, 223 S. C. 500, 77 S. E. (2d) 202 (1953), which the lower court deemed dispositive of the issue. We recognize the potential effect *Jones* may have on class gifts and the rule against perpetuities, but that potential is tied to a survivorship situation not involved in this case. An excellent discussion of *Jones* is found in 7 South Carolina Law Quarterly 163 (1954).

people to dispose of property and the needs of future generations to enjoy and dispose of it.

"According to the majority rule, the fact that vesting within the required period is highly probable will not save the contingent interest if there is any possibility that it may not vest within that time." L. Simes, Future Interests, 127 (2d ed. 1966).

■ The rule is applied at the time the instrument in question takes ·effect, Simes, *supra*, § 127. Both the minimum and the maximum membership in a class must be determined within the period of the rule. Simes and Smith, The Law of Future Interests § 1265 (2d ed. 1956).

■ The possibility of childbirth is never extinct. After the death of the testatrix, there was the possibility that Fred J. Turner could have had a son, who in turn could have had a son born twenty-one years after some life in being (James Daniel Cleckley, Jr., or Fred J. Turner) at the creation of the interest. See Simes and Smith, *supra*, § 1270. Inasmuch as there was that possibility, it cannot be seriously argued that the rule is not violated. Accordingly, we hold title to the real estate involved in this action to be in the plaintiffs to the exclusion of any sons who may hereafter be born to George R. Turner and W. Lewis Turner.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.

