21920

Carl E. ALLEY, Respondent, v. Mildred C. STRICKLAND, Marcus Lee Strickland, Henry L. Strickland, Lavada S. Strickland, Fred Sutherland, James Sutherland, Eva Reid, Willie Ruth Lawson, Venita Bailey, Lucille S. Loftis, Danny Loftis, Susan Loftis, Angela Loftis, Jackie Shirley, Linda Carey, Willie Moore, Jimmie Moore, Eva Poole, Eleanor Harrison, Bennie Moore, Jesse Moore, and all children and grandchildren of S. L. Strickland, individually, and as representatives of the classes to which they belong as possible heirs of S. L. Strickland, and all persons entitled to claim under and through them or any of them known and unknown, in esse and unborn; also, all other persons unknown claiming any right, title, interest in or lien upon the real estate described in the Complaint herein; any unknown adults being a class designated as Joe Doe and any unknown minors who are fourteen (14) years of age or over or persons under a disability or persons in military service being a class designated as Richard Roe, and any unknown infants who are under fourteen (14) years of age or persons under a disability being as a class designated as Jack Pie, of whom Henry L. Strickland, Fred Sutherland, James Sutherland, Eva Reid, Willie Ruth Lawson, Lucille S. Loftis and Willie Moore are, Appellants.

(302 S. E. (2d) 366)

*Marvin R. Watson,* of Greenwood and *J. Kendall Few,* Greenville, *for appellants.*

*Robert L. Waldrep, Jr.,* Anderson, *for respondent.*

May 9, 1983.

*Per Curiam:*

This case involves the construction of a will. The testator, S. L. Strickland, died in 1946 leaving successive life estates in a parcel of land to his wife and upon her death to his son, S. A. Strickland. The remainder was left to the "heirs" of the son. The lower court held the son adopted by S. A. Strickland in 1952 was an "heir" and was therefore entitled to a portion of the remainder. We agree and affirm.

The sole issue in this case is whether the adopted son is precluded from receiving the remainder because he is not the biological child of S. A. Strickland. In South Carolina an adopted child is "considered a natural child of the adopting parents for all inheritance purposes . . . ." Code of Laws of South Carolina § 15-45-130 (1976). The appellants argue the adopted son cannot benefit from this statute because it became effective after both the execution of the will and his adoption and he is therefore not an "heir."

"Heirs" are those who would take under the statutes of descent and distribution upon the intestate death of the ancestor in question. *Landrum v. Branyon,* 161 S. C. 235, 159 S. E. 546 (1931); Simes, *Handbook on the Law of Future Interests,* § 107 (2d Ed. 1966); 26A C.J.S. *Descent and Distribution* § 19 (1956). "Heirs" are not determined until the death of the ancestor in question. Simes, *supra; Restatement of the Law to Property,* § 305 (1940). The ancestor in question here is S. A. Strickland, the life tenant, who died in 1964. Therefore, his "heirs" would be determined from the statutes of descent and distribution in effect at his death in 1964. Code § 15-45-130 was in effect at S. A. Strickland's death, making his adopted son his "heir."

The appellants cite *Turner v. Turner,* 260 S. C. 439, 196 S. E. (2d) 498 (1973), in support of their argument against the

adopted son. But in *Turner* the testatrix used the phrase "heirs of his body" to limit the remainder. In this case, the testator used only the word "heirs." In *Turner*, we held that an adopted child could not take when the testator limited the remainder to "heirs of the body." However, in *Limehouse v. Limehouse*, 256 S. C. 255, 182 S. E. (2d) 58 (1971), the Court indicated a different result would probably be reached where the word "heirs" is used. We now hold that adopted children are included when a remainder is limited solely to "heirs."

The trial judge ruled the adopted son should receive his appropriate share (one-half) of the remainder. For the reasons stated above, the decision is affirmed.