Misenheimer v. Misenheimer

DONALD E. MISENHEIMER, Executor under Will of ISAM R. MI-
    SENHEIMER v. JOHN E. MISENHEIMER, CAROLYN M. PRINCE,
    DONALD E. MISENHEIMER, THOMAS M. MISENHEIMER, SYLVIA M.
    GRUENDLER, SHARON M. MISENHEIMER, KENNETH R. MISENHEIM-
    ER, JOHN E. MISENHEIMER, JR., and SAMUEL MISENHEIMER, minor

No. 8226SC718

(Filed 21 June 1983)

**Descent and Distribution § 6— slayer statute—interest of slayer going to two sons**
    The trial judge did not err in applying the anti-lapse statute in conjunc-
    tion with the slayer statute and in finding that the children of the slayer, who
    are also the grandchildren of the decedent, take the father's share under the
    will by substitution. G.S. 31-42, G.S. 31A-4, G.S. 31A-3(3) and G.S. 31A-15.

APPEAL by plaintiff from *Grist, Judge.* Judgment entered 8
June 1982 in Superior Court, MECKLENBURG County. Heard in the
Court of Appeals 12 May 1983.

This action is brought under the provisions of the North
Carolina Declaratory Judgment Act, G.S. 1-253, *et seq.*, and in-
volves a determination of beneficiaries under a will by operation
of the North Carolina "slayer statute," G.S. 31A-1, *et seq.*

After a hearing, the court ordered that the slayer, John
E. Misenheimer, was not entitled to take under the will of Isam
R. Misenheimer, but that the slayer's children, defendants John
E. Misenheimer, Jr. and Samuel Misenheimer (hereafter defend-
ants), were entitled to divide equally the one-eighth share devised
to their father under the will of Isam R. Misenheimer. Plaintiff
appeals from entry of this judgment.

*Henderson & Shuford by William A. Shuford for plaintiff ap-
pellant.*

*Jo Hill Dobbins for defendant appellees, John E. Misen-
heimer, Jr. and Samuel Misenheimer.*

BRASWELL, Judge.

At issue is whether John E. Misenheimer's share under the
will of his deceased father, Isam R. Misenheimer, should be
distributed to his sons or to the seven other children of Isam R.
Misenheimer.

The facts are not in dispute. John E. Misenheimer was convicted before the Mecklenburg County Superior Court of first-degree murder of his father, Isam R. Misenheimer. His conviction was upheld by the Supreme Court in *State v. Misenheimer*, 304 N.C. 108, 282 S.E. 2d 791 (1981). Isam R. Misenheimer died testate, leaving his residuary estate to his eight children, each of whom was individually named, share and share alike. John E. Misenheimer is one of the eight children; his children, John E., Jr. and Samuel, defendants herein, are Isam's grandchildren.

Plaintiff, executor of Isam R. Misenheimer's estate, initiated this declaratory judgment action on 4 December 1981, seeking to have the court declare that John E. Misenheimer and his children have no interest in the estate pursuant to the North Carolina "slayer statute," G.S. 31A-1, *et seq.* After hearing and rehearing, the court on 8 June 1982 entered judgment in which it found that John E. Misenheimer was a "slayer" within the meaning of G.S. 31A-3(3) and therefore not entitled to take under the will of Isam R. Misenheimer and that his one-eighth share in the estate should be divided equally between his sons, John E., Jr. and Sam. Plaintiff appealed to this Court from entry of the judgment.

The scope of appellate review of a judgment rendered under the Declaratory Judgment Act was set forth in *Insurance Co. v. Allison*, 51 N.C. App. 654, 657, 277 S.E. 2d 473, 475, *disc. rev. denied*, 303 N.C. 315, 281 S.E. 2d 652 (1981):

"[T]he [trial] court's findings of fact are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed, even though there is evidence which might sustain findings to the contrary, and even though incompetent evidence may have been admitted. [Citations omitted.] The function of our review is, then, to determine whether the record contains competent evidence to support the findings; and whether the findings support the conclusions."

Our examination of the record discloses that the findings of fact are based upon uncontroverted evidence and support the conclusions of law.

Plaintiff presents two alternative arguments: first, that the slayer statute exclusively controls the distribution of the estate,

pursuant to G.S. 31A-15,[1] and the interest of the slayer lapses, to be taken by the remaining named residual legatees or devisees; or in the alternative, if the anti-lapse statute, G.S. 31-42, operates in conjunction with the slayer statute, then subsection (c) applies in that the residuary devise or legacy failed and therefore becomes a part of the residue, passing to the remaining residuary devisees or legatees. We agree, however, with the trial judge that the slayer statute applies in conjunction with the anti-lapse statute and that subsection (a) of the anti-lapse statute is the applicable provision.

The relevant section of the slayer statute, G.S. 31A-4, provides that "[t]he slayer shall be deemed to have died immediately prior to the death of the decedent . . ." and further that "[w]here the decedent dies testate as to property which would have passed to the slayer pursuant to the will, such property shall pass as if the decedent had died intestate with respect thereto, unless otherwise disposed of by the will." Therefore, pursuant to the terms of the statute, when a decedent's will otherwise disposes of property devised to a slayer, that property is to be distributed according to the terms of the will. Since nothing to the contrary appears in the will of Isam R. Misenheimer, the anti-lapse statute is deemed a part of the will. The pertinent portions of the anti-lapse statute, G.S. 31-42, are as follows:

> "*Failure of devises and legacies by lapse or otherwise; renunciation.* — (a) Devolution of Devise or Legacy to Person Predeceasing Testator. — Unless a contrary intent is indicated by the will, where a devise or legacy of any interest in property is given to a devisee or legatee who would have taken individually had he survived the testator, and he dies survived by issue before the testator, whether he dies before or after the making of the will, such devise or legacy shall pass by substitution to such issue of the devisee or legatee as sur-

---

1. "§ 31A-15. *Chapter to be broadly construed.* — This Chapter shall not be considered penal in nature, but shall be construed broadly in order to effect the policy of this State that no person shall be allowed to profit by his own wrong. As to all acts specifically provided for in this Chapter, the rules, remedies, and procedures herein specified shall be exclusive, and as to all acts not specifically provided for in this Chapter, all rules, remedies, and procedures, if any, which now exists or hereafter may exist either by virtue of statute, or by virtue of the inherent powers of any court of competent jurisdiction, or otherwise, shall be applicable."

vive the testator in all cases where such issue of the deceased devisee or legatee would have been an heir of the testator under the provisions of the Intestate Succession Act had there been no will.

. . . .

(c) Devolution of void, revoked, or lapsed devises or legacies.—If subsections (a) and (b) above are not applicable and if a contrary intent is not indicated by the will:

. . . .

> (2) Where a residuary devise or legacy is void, revoked, lapsed or for any other reason fails to take effect with respect to any devisee or legatee named in the residuary clause itself or a member of a class described therein, then such devise or legacy shall continue as a part of the residue and shall pass to the other residuary devisees or legatees if any; or, if none, shall pass as if the testator had died intestate with respect thereto."

Section (a) of the statute is designed and intended to prevent the lapse of a devise or bequest in a situation where the devisee or legatee who would have taken under the will had he survived the testator predeceases the testator, survived by issue who also survive the testator and who would have been heirs of the testator had there been no will. If this situation does not exist, then the devise or bequest lapses and passes under the provisions of section (c). *Bear v. Bear*, 3 N.C. App. 493, 504, 165 S.E. 2d 518, 522 (1969). We find that the situation presented in the case before us fits into section (a) of the anti-lapse statute and that therefore the defendants, sons of the slayer and grandsons of the testator, would take their father's share under the will by substitution.

This result is consistent with the public policy behind the slayer statute. As this court expressed in *Gardner v. Insurance Co.*, 22 N.C. App. 404, 409, 206 S.E. 2d 818, 821, *cert. denied*, 285 N.C. 658, 207 S.E. 2d 753 (1974), "The public policy sought to be fostered by the enactment of G.S. 31A is predicated upon the theory that the murderer *himself* will not profit by his own wrongdoing, however, this principle does not extend to those

related to the slayer . . . ." We think it is helpful to look at the history of the enactment of G.S. Ch. 31A in 1961. The statute was based on legislation submitted to the General Assembly by a special committee of the General Statutes Commission and substantially followed a model slayer statute initially proposed in 1936 by Professor John Wade of the Harvard Law School. *Quick v. Insurance Co.*, 287 N.C. 47, 51-52, 213 S.E. 2d 563, 565-66 (1975). Section 4 of Wade's model statute expressly provided that the anti-lapse statute did not apply, with the result that property did not pass to those persons claiming from the slayer. Wade, *Acquisition of Property by Willfully Killing Another—A Statutory Solution*, 49 Harv. L. Rev. 715, 727 (1936). We feel it is significant that the General Assembly did not choose to include Professor Wade's proposed section in our Chapter 31A. By not specifically excluding the anti-lapse statute from operating in situations involving the slayer statute, the legislature mandated that the slayer be treated as if he predeceased the decedent and allowed children of slayers to take the slayer's share by substitution. In arriving at this interpretation of the legislative intent behind G.S. Ch. 31A, we are aware of, but unpersuaded by, the fact that at least one other jurisdiction has interpreted a similar slayer statute to exclude operation of the anti-lapse statute. *McGhee v. Banks*, 115 Ga. App. 155, 154 S.E. 2d 37 (1967).

The findings of fact in the court's judgment are uncontradicted. We find that the facts found support the conclusion that the children of the slayer, who are also the grandchildren of the decedent, take their father's share under the will by substitution. We hold that the trial judge did not err in applying the anti-lapse statute in conjunction with the slayer statute. The judgment of the trial court is therefore

Affirmed.

Judges WEBB and WHICHARD concur.