0448

Edward R. BAGWELL and Edmund J. Alexander, Plaintiffs, of whom Edmund J. Alexander is Appellant, v. Edmund J. ALEXANDER, Jr., Edward G. Alexander, Evon Abraham, Naif Abraham, Eddie Abraham, Sherl Abraham, Evelyn Azar, Joe Azar, Elaine Glasscock, Linda Akel, William Akel, Melvena Akel, individually and as a class representing the children and grandchildren of George Alexander, deceased, and all other persons unknown claiming any right, title, estate, interest in or lien upon the real estate described in the Complaint herein; any unknown adults being in a class designated as John Doe, and any unknown minors or any other person under a legal disability being a class designated as Richard Roe, Defendants, of whom Edmund J. Alexander, Jr. is Appellant, and Evelyn Azar, Joe Azar, Elaine Glasscock, Linda Akel and Malvena Akel are Respondents.

(329 S. E. (2d) 771)

Court of Appeals

*Betty J. Gambrell Cobb,* of *King & Cobb,* Columbia, and *Edward E. Saleeby, Jr.,* of Saleeby, Cox & Bledsoe, P.A.,* Hartsville, *for appellants.*

*Heyward E. McDonald* and *Linda C. McDonald,* both of *Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for respondents.*

*Thomas B. Pollard, Jr.,* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for respondent Bagwell.*

Heard Jan. 21, 1985.

Decided April 22, 1985.

BELL, Judge:

This is an action by Edward R. Bagwell and Edmund J. Alexander seeking an order for the sale of real property which is the subject of a life estate bequeathed to Alexander by the Will of George Alexander, his father. The defendants, persons claiming an interest in the remainder, cross claimed for a declaration of their rights under the Will. With consent of the parties the matter was referred to the master with authority to enter final judgment. The master concluded Alexander's adopted son, Edmund J. Alexander, Jr., could not take as a remainderman under a devise to Edmund's "child or children." Edmund and Edmund, Jr., appeal.[1] We affirm.

George Alexander died in 1950 leaving a Will and Codicil executed in 1937 and 1947, respectively. A clause in the Codicil states:

> I give, devise and bequeath that certain real property in the City of Columbia, County and State aforesaid, with the improvements thereon, known as 1410-1412 Assembly Street, unto my son, Edmund J. Alexander, for and during his natural life; and after his death unto such child or children as might him survive absolutely and forever, share and share alike, provided, however, that should my said son leave him surviving no child or children, then and in that event, I give, devise, and bequeath the aforesaid property unto his brothers and sisters, share and share alike, the child or children of any deceased brother or sister to take the share their parent would have taken had he or she survived.

George Alexander was survived by several children besides Edmund, and they or their children are the respondents in this appeal. Edmund J. Alexander adopted Edmund J. Alexander, Jr. by decree dated July 29, 1958, more than seven years after the death of George Alexander.

The sole issue on appeal is whether Edmund, Jr., a subsequently adopted son, is a surviving "child" of Edmund J.

---

[1] A cross appeal by the declared remaindermen below, contesting the order of sale, was dismissed on motion of Edward Bagwell. *See* Order, S. C., dated Feb. 23, 1983.

Alexander within the meaning of the Codicil.

In construing a will, a court should give effect to the ██ expressed intention of the testator. While circumstances known to the testator at the time he makes his will may be considered in determining his intent, the main recourse must be to the language of the instrument. *Limehouse v. Limehouse*, 256 S. C. 255, 182 S. E. (2d) 58 (1971). The general rule is that the words "child" of "children" connote blood relationship and, except when the testator is the adopting parent, will not be construed to include an adopted child unless it affirmatively appears that such was the testator's intention. *Turner v. Turner*, 260 S. C. 439, 196 S. E. (2d) 498 (1973); *Parker v. Mullen*, 158 Conn. 1, 255 A. (2d) 851 (1969).

In applying these principles of law to the facts before █ him, the master concluded there was no affirmative proof that George Alexander intended to include a child adopted after his death in the devise of the remainder. Like the master, we are unable to discern any evidence that George Alexander knew of his son's plan to adopt Edmund, Jr., nor that he suggested such a course of action. Since there was no proof of George Alexander's intention to include an adopted grandson, the master correctly decided that Edmund, Jr., was not a surviving child within the meaning of the Codicil.

Edmund and Edmund, Jr., contend that by virtue of █ Section 20-7-1770(a), Code of Laws of South Carolina, 1976, as amended, a child adopted after the death of a testator may take under a devise to the "child" of a beneficiary named in a will. This section (formerly Code Section 15-45-130(a)) provides in part:

> From the date the final decree of adoption is entered the adopted child shall be condidered a natural child of the adopting parents for all inheritance purposes
>
> . . . .

The statute does not apply to this case. It places an adopted child in the same position as a natural child for purposes of "inheritance," i.e., taking under the statute of descent and distribution upon the intestate death of an ancestor. *Cf. McGhee v. Banks*, 115 Ga. App. 155, 154 S. E. (2d) 37 (1967)

(term "inheritance" generally refers to acquisition of property under laws of descent and distribution). In this case, the remainder interest passed by devise, not inheritance.

Edmund and Edmund, Jr., also cite the case of *Alley v. Strickland*, 279 S. C. 126, 302 S. E. (2d) 866 (1983), as mandating Edmund, Jr.'s inclusion as a "child" of Edmund under the Codicil. The holding in that case is expressly limited to the devise of a remainder interest to the "heirs" of a designated beneficiary. Since the bequest here is to Edmund's "child or children," not to his "heirs," *Alley v. Strickland* does not control.

For the foregoing reasons, the judgment appealed from is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.