0795

V. F. PLATT, as Executor of the Last Will and Testament of Kate W. Platt, Plaintiff v. Ruby E. ROMESBURG, Francis David Romesburg, an infant under the age of 14, Manley Kevin Romesburg, an infant under the age of 14, Willie Kynn Best, Jr., an infant under the age of 14, Rebecca A. Best, and James Robert Best, an infant under the age of 14, Defendants, of whom Francis David Romesburg, Manley Kevin Romesburg, and Willie Kynn Best, Jr., by and through their Guardian Ad Litem, John P. Bacot, Jr., are Appellants, of whom James Robert Best, by and through his Guardian Ad Litem, Rebecca A. Best, is Respondent. Appeal òf Francis David ROMESBURG, Manley Kevin Romesburg, and Willie Kynn Best, Jr., By and Through their Guardian Ad Litem, John P. BACOT, Jr.

348 S. E. (2d) 536)

Court of Appeals

*John P. Bacot, Jr.*, Surfside Beach, *for appellants.*

*Kenneth C. Inman,* Conway, *for respondent.*

Heard June 16, 1986.

Decided Sept. 2, 1986.

SHAW, Judge:

This appeal is from a circuit court ordering that a grandchild, James Robert Best, an unnamed legatee, share under the Will of Kate W. Platt. We reverse.

Mrs. Platt executed a Will on July 5, 1979. The residuary portion of the estate was divided equally between her three named grandchildren. Following the execution of the Will and prior to Mrs. Platt's death, a fourth grandchild was born on April 23, 1981, respondent James Robert Best. Mrs. Platt died November 22, 1981.

V. F. Platt, Jr., Executor of the estate, brought this action pursuant to Section 15-53-20, S. C. Code of Laws (1976) to construe the Will.

Item VII of the Will provides in part:

> It is my desire that my estate be divided equally between my three (3) grandchildren, Francis David Romesburg, Manley Kevin Romesburg, and Willie Kynn Best, Jr.

The sole issue in this case is expressly controlled by Section 21-7-450, S. C. Code of Laws (1976) which reads:

> If no provision shall be made by the will of the testator for any child or children that may be born after his death such child or children shall be entitled to an equal share of all real and personal estates given to any other child or children, who shall contribute to make up such share or shares according to their respective interests

or portions passing to them under such will.

There is no provision for grandchildren within this statute.

Respondent claims certain portions of the Will indicates "groupmindedness" by the use of her language which would place James Robert Best within the Will. We disagree.

Item XI states:

> For the purpose of this my Will, "children" means the lawful blood descendants in the first degree of the parent designated; and "issue" and "descendants" mean the lawful blood descendants in any degree of the ancestor designated; provided, however, that if a person has been adopted, that person shall be considered a child of such adopting parent and such adopted child and his issue shall be considered as issue of the adopting parent or parents and of anyone who is by blood or adoption an ancestor of the adopting parent or either of the adopting parents. The terms "child", "children", "issue", "descendant" and "descendants" or those terms preceded by the terms "living" or "then living" shall include the lawful blood descendant in the first degree of the parent designated even though such descendant is born after the death of such parent.

Also, Item VII in part:

> I hereby direct my Executor to attempt to divide my residuary estate in such manner that my said grandchildren will share equally in my estate.

In construing a will, the purpose of the courts is to discover and give effect to the intent of the testator. *May v. Riley*, 279 S. C. 248, 305 S. E. (2d) 77 (1983). The first resort is always to language of the will itself. *Bagwell v. Alexander*, 285 S. C. 331, 329 S. E. (2d) 771 (Ct. App. 1985). Where the terms of the will are ambiguous, the court may resort to extrinsic evidence to resolve the ambiguity. *Shelley v. Shelley*, 244 S. C. 598, 137 S. E. (2d) 851 (1964); *MacDonald v. Fagan*, 118 S. C. 510, 111 S. E. 793 (1922); *Estate of Lindner*, 85 Cal. App. (3d) 219, 149 Cal. Rptr. 331 (1978). *Fenzel v. Floyd*, 289 S. C. 495, 347 S. E. (2d) 105 (S. C. Ct. App., 1986).

The issue of the number of legatees was settled in the

earlier paragraph naming them specifically. This court, nor the trial court, can rewrite the Will nor expand the statute beyond its plain meaning.

Reversed.

SANDERS, C. J., and BELL, J., concur.