A94A0001. BRADLEY v. BRADLEY et al.
(443 SE2d 863)

POPE, Chief Judge.

The sole issue on appeal is what effect, if any, the slayer statute, OCGA § 53-4-6, should have on a bequest to the slayer under a valid will when the testator/victim has provided for alternative beneficiaries to take the slayer's portion of the estate in the event the slayer predeceases the testator.

The facts pertinent to this appeal are not disputed by the parties. On or about February 16, 1992, Howard Quinton Bradley was killed by his son, defendant Benjamin Lee Bradley. He died testate. At the time of his death, the deceased had only one other lineal descendent, another son named James Bradley, the plaintiff in this case. In his will he left James a bequest of only $100 because he had given that son an advancement on his inheritance in a certain land deal. He left the majority of his estate to his other son Benjamin. The will further provided, however, that if Benjamin was not alive at the time of his death and had no issue, his portion of the estate should pass to four alternative beneficiaries. Benjamin had no issue at the time he killed his father.

On appeal, neither James nor Benjamin contend that Benjamin should be able to take under the will. James argues that because Benjamin killed their father the slayer statute, OCGA § 53-4-6, must be applied to Benjamin's portion of the estate with the effect of remov-

ing the portion of the estate that Benjamin would have otherwise been entitled to from the will and instead passing that portion of the estate through the laws of intestacy, resulting in James receiving that portion. In support of this argument, James relies upon our decision in *McGhee v. Banks*, 115 Ga. App. 155 (154 SE2d 37) (1967). The trial court correctly distinguished that case from this one. In *McGhee*, the victim was killed by her husband. Under the terms of the victim's will, her estate was to pass to her husband and, in the event he was not alive, then to her husband's daughter (who was not also the deceased's natural child). As we recently held in *Keith v. Johnson*, 211 Ga. App. 678, 681 (440 SE2d 230) (1993), "the sole purpose of the statute is to disinherit the murderer, and the murderer's heirs, from any property interest of the victim so that neither benefits . . . from the criminal act." Because in *McGhee*, the only two people designated to take under the will were specifically denied the ability to inherit under the slayer statute, this court properly passed the estate through the laws of intestacy instead. That decision, however, should not be read, as plaintiff argues, to provide that the slayer statute defeats the provisions of a valid will when the testator has provided for the portion of the estate that would have otherwise gone to the slayer to be distributed to alternative beneficiaries other than the slayer or his heirs.

The trial court correctly held that the plain language of OCGA § 53-4-6 requires that the slayer's portion of the victim's estate passes to alternative beneficiaries when a valid will so provides and alternative beneficiaries, who are not prohibited by law from taking from the victim, are named in the will. After denying the slayer and his heirs the right to take from the victim, OCGA § 53-4-6 provides in pertinent part: "All right, interest, and estate in and to the property shall go to such other heirs as may be entitled thereto by the laws of descent and distribution *or by will*, deed, or other conveyance duly executed by the decedent in his lifetime." (Emphasis supplied.) As plaintiff James Bradley is not one of the alternative beneficiaries designated in his father's will to take Benjamin's portion of the estate in the event Benjamin should predecease their father, the trial court correctly granted Benjamin partial summary judgment concerning plaintiff's claim for the portion of their father's estate bequeathed to Benjamin.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED APRIL 11, 1994 —
RECONSIDERATION DENIED APRIL 29, 1994 — 

*Clifford S. Lancey*, for appellant.

*William L. Reilly, Avrett & Withrock, John T. Avrett,* for appellees.